DR. MANUEL LUCIANO VALDÉS, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent; SABINA RIVERA, Intervener.

No. 1663. Argued May 2, 1947.—Decided May 8, 1947.

*Rafael Arjona Siaca* for petitioner. *E. Martínez Rivera* and *Luis Blanco Lugo,* for the intervener, plaintiff in the main action.

Mr. Justice Snyder delivered the opinion of the Court.

A wife sued her husband for a divorce, and moved within the divorce proceeding for support. The district court granted her $200 a month for provisional support of herself and her minor son while the divorce suit was pending. Since a final judgment would terminate this provisional support, the wife filed an independent action for support of the minor child. After judgment was entered in favor of the wife in the divorce case, the independent support suit was tried. The plaintiff requested therein $200 a month for support and $500 for attorney's fees. The lower court awarded $124.70 a month and $350 for attorney's fees.

The controversy before us involves the provision of $350 for attorney's fees. The district court found that the father had not been rash and that the plaintiff was therefore not entitled to attorney's fees pursuant to §327 of the Code of Civil Procedure as amended by Act No. 94, Laws of Puerto Rico, 1937. But the lower court nevertheless awarded attorney's fees of $350 on the theory that, without reference to § 327, attorney's fees of a minor incurred in suing a parent for support are a part of such support under § 142 of the Civil Code. We granted certiorari to determine if the district court was authorized to grant attorney's fees to the plaintiff despite its finding that the father had not been rash.

■■ The petitioner argues that § 142 does not specifically provide for attorney's fees and that to include them as part of support amounts to judicial legislation.[1] It may be conceded that the matter would be clearer if our Legislature out of an abundance of caution had as in some states specifically provided that attorney's fees shall be considered as part of support in such cases. Nevertheless, we are of the

---

[1] Section 142 provides as follows:

"Support is understood to be all that is indispensable for maintenance, housing, clothing and medical attention, according to the social position of the family.

"Support also includes the education and instruction of the person supported when he is a minor."

view that the language of our statute is sufficiently compre-
hensive to include as part of support attorney's fees which
are incurred when a minor is compelled to sue a parent for
maintainance and support. To hold otherwise would be to
impair substantially the support to which a minor is entitled
under the statute.

We have held that the provision of § 100 of the Civil
Code for support of a wife while a divorce suit is pending
includes her attorney's fees. *Wolkers* v. *Masson*, 26 P.R.R.
162, 27 P.R.R. 259; *Carballo* v. *Rossy, District Judge*, 27
P.R.R. 855. We do not agree with the petitioner that these
cases are distinguishable because (1) the husband is the ad-
ministrator of the conjugal property, (2) the support con-
templated by § 100 is only provisional and (3) it is incidental
to the main divorce suit rather than as here an independent
action. If the attorney's fees of a wife seeking to obtain
provisional support within a divorce case are part of her
maintenance, *a fortiori* attorney's fees to compel permanent
support [2] of a child in an independent suit are a part of such
support. In both cases the fees are expenses included within
support because of the conduct of the defendant in compelling
the plaintiff to sue therefor. Reasonable attorney's fees to
pay for such a suit are just as much a part of support as
reasonable expenses for maintenance, housing or clothing.
See *Campbell* v. *Campbell*, 20 S.E.(2d) 237 (S.C. 1942);
*Arais* v. *Kalensnikoff*, 74 P.(2d) 1043, 1047 (Cal. 1937).

We wish to make it clear that the function of this writ
of certiorari is exhausted by our ruling that the district court
is authorized under § 142 of the Civil Code to require the
defendant to pay the attorney's fees of the plaintiff as a
part of support even if the defendant was not rash in defend-
ing the suit.

---

[2] In one sense provision for support is never permanent because it is
always subject to modification on a showing that conditions have changed.
*Ortiz* v. *Viera*, 61 P.R.R. 495; *Valdés* v. *Hastrup*, 64 P.R.R. 569, 574. But
here we speak of permanent support in contrast to the provisional support
which is granted pending termination of litigation.

■ At the oral argument counsel discussed a different question: whether the attorney's fees of the plaintiff fit automatically into the category of support, no matter how unreasonable the position of the plaintiff has been during the course of the litigation.[3] But this is not an appropriate proceeding in which to determine that question, either as a matter of law or on the facts. Here only the judgment-roll is before us and it shows merely that the father was willing to pay $100, the plaintiff claimed $200, and the court awarded $124.70 a month. Only if the father persists in the appeal from this same judgment which is now pending in this Court and files a transcript of the testimony, will we be in a position to determine whether the record shows not only that the defendant was not rash but also that the plaintiff was unreasonable in pressing the suit. After all, in close cases not only are both parties lacking in temerity but both are reasonable in litigating the questions involved. If the latter was the situation in this case, as shown by the facts in the record, the plaintiff was entitled to attorney's fees as part of support pursuant to § 142 of the Civil Code despite the fact that the defendant was not rash. But if in fact the position of the plaintiff was unreasonable, we would then be required to determine as a question of law whether an unreasonable claim by the plaintiff justifies reduction or elimination of attorney's fees for the plaintiff in a suit for support of a minor. We do not reach that question in this proceeding.

The writ of certiorari will be discharged.

Mr. Justice Marrero did not participate herein.

---

[3] Cf. the statement in *Wolkers* v. *Masson*, 27 P.R.R. 259; 261-2, that in a case involving a wife the lawyer "who represents her is entitled to pay for his services even if he loses the suit."